**United States District Court**
**For The Southern District of Florida**

Edwin Centeno,

    Plaintiff,

vs.                                                                    Civil Action No.

Bayview Loan Servicing, LLC,

    Defendant.

_____/

Plaintiff, Edwin Centeno, sues Defendant, Bayview Loan Servicing, LLC, for monetary relief, including attorney fees and costs, and respectfully demands judgment against the Defendant on all claims pled against it in this complaint. Plaintiff brings this action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, its implementing regulation, Regulation X, 12 C.F.R § 1024 ("Regulation X"), the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and its implementing regulation, Regulation Z, 12 C.F.R. § 1026 ("Regulation Z"), for multiple violations of the RESPA, TILA, Regulation X, and Regulation Z. The ultimate facts supporting Plaintiff's entitlement to the requested relief are articulated in the numbered paragraphs below.

Jurisdiction, Venue, and Parties

1.      This Court has subject matter jurisdiction over Plaintiff's claim under the RESPA and Regulation X pursuant to 12 U.S.C. § 2614 and under the TILA and Regulation Z pursuant to 15 U.S.C. § 1640(a).

2.      Venue is proper in the United States District for the Southern District of Florida under 12 U.S.C. § 2614 because it is the district in which the property involved is located.

3.      Plaintiff is Florida resident residing in Miami-Dade County.

4.     Defendant is a corporation with its principal place of business in Coral Gables, Florida. At all times material to this action, Defendant regularly transacted business in the state of Florida.

Introduction

5.     In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), Public Law No. 111-203, 124 Stat. 1376 (2010).

6.     Specifically, on July 10, 2013, the CFPB issued mortgage rules under Regulation Z and Regulation X pursuant to its authority under the DFA, which became effective on January 10, 2014.

7.     Defendant is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2) (the "Loan") and a closed-end consumer credit transaction secured by a consumer's principle dwelling as those terms are defined in TILA, 15 U.S.C. § 1641(f)(3) and § 1602.  Defendant receives payments from consumers and is responsible for distributing those payments to the investors who own the consumers' loans and, when the consumers' loans include escrow accounts, to the consumers' taxing authorities or insurance companies. Thus, it is a servicer within the meaning of RESPA. 12 C.F.R. § 1025.2(b). Thus, the Defendant is subject to the servicing requirements provided for in the RESPA and Regulation X.

8.     RESPA and Regulation X are applicable to all "federally related mortgage loans", which include any loans secured by a first or subordinate lien on residential real property upon which a one-to-four family structure is located and which is made in whole or in part by any lender

that is either regulated by or whose deposits or accounts are insured by an agency of the Federal Government. *See* 12 C.F.R. § 1024.2. Accordingly, Plaintiff's Mortgage is a "federally related mortgage loan" as defined in Regulation X. *Id.*

9. The sections of Regulation X which Plaintiff alleges have been violated by the Defendant were promulgated pursuant to § 6 of RESPA and are thus subject to RESPA's private right of action. *See* 78 Fed. Reg. at 10790 (describing the effect of promulgating a regulation pursuant to Section 6 of RESPA with respect to creating a private right of action).

10. Plaintiff is asserting a claim for relief against Defendant for breaches of the specific rules under Regulation X and Regulation Z as set forth below.

11. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) and under TILA pursuant to 15 U.S.C. § 1640(a) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, attorneys' fees and costs.

Factual Allegations

12. On or about June 20, 2008, Plaintiff executed a promissory note and mortgage (the "Mortgage") in favor of JPMorgan Chase Bank, N.A. for the real property located at 2960 NE 1 DR, Homestead, FL 33033 (the "Property")

13. On or about August 24, 2017, Plaintiff sent to Defendant a Request for Information, requesting, among other things, an accurate payoff balance of the Mortgage (the "Payoff RFI"). A copy of the Payoff RFI is attached as Exhibit "A".

14. On or about September 25, 2017, Plaintiff sent to Defendant a Notice of Error notifying the Defendant that it had committed an error by failing to timely acknowledge the Plaintiff's Payoff RFI (the "Payoff Acknowledgment NOE"). A copy of the Payoff Acknowledgment NOE is attached as Exhibit "B".

15. On or about September 25, 2017, Plaintiff sent to Defendant a Notice of Error notifying the Defendant that it had committed an error by failing to timely respond to the Plaintiff's Payoff RFI (the "Payoff Response NOE"). A copy of the Payoff RFI Response NOE is attached as Exhibit "C".

16. On or about November 1, 2017, Plaintiff sent to Defendant a Notice of Error notifying the Defendant that it had committed an error by failing to respond to the Payoff Response NOE (the "Second Payoff Response NOE"). A copy of the Second Payoff Response NOE is attached as Exhibit "D".

17. On or about November 2, 2017, Plaintiff sent to Defendant a Notice of Error notifying the Defendant that it had committed an error by failing to acknowledge the Payoff Acknowledgement NOE (the "Second Payoff Acknowledgement NOE"). A copy of the Second Payoff Acknowledgement NOE is attached as Exhibit "E".

18. On or about November 3, 2017, Plaintiff sent to Defendant a Notice of Error notifying the Defendant that it had committed an error by failing to respond in full to the Payoff RFI's other requests (the "Complete Payoff Response NOE"). A copy of the Complete Payoff Response NOE is attached as Exhibit "F".

**Count I – Failure to Acknowledge Payoff RFI**
**Violation of Regulation X, Section 12 C.F.R. § 1024.36(c)**

19. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

20. Section 1024.36(c) of Regulation X provides that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request." 12 C.F.R. § 1024.36.

21. Plaintiff sent the Payoff RFI August 24, 2017. See Exhibit "A.

22. Defendant failed to provide to the Plaintiff a written response acknowledging the Payoff RFI.

23. Due to the Defendant's violation, Plaintiff sent to Defendant the Payoff Acknowledgment NOE on September 25, 2017, notifying the Defendant of its error. See Exhibit "B".

24. As a result, Defendant incurred actual damages in the form of (1) legal fees and costs to prepare and mail the Payoff Acknowledgement NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

25. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count II – Failure to Provide Timely Payoff Statement**
**Violation of Regulation Z, Section 12 C.F.R. § 1026.36(c)(3), TILA, 15 U.S.C. 1639(g)**

26. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

27. Regulation Z, Section 1026.36(c)(3) states that a servicer "… must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's

obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer." 12 C.F.R. § 1026.36(c)(3).

28. Plaintiff sent Defendant a written request for a payoff on August 24, 2017 when it sent the Payoff RFI. See Exhibit "B".

29. Defendant failed to timely provide the requested payoff information. As a result, Plaintiff sent to Defendant the Payoff Response NOE on September 25, 2017 notifying the Defendant of its error. See Exhibit "C".

30. Defendant failed to respond within the timeline set forth by § 1026.36(c)(3) and is therefore in violation of Regulation Z and TILA. *See also* 15 U.S.C. § 1639(g) ("[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower.").

31. Accordingly, the Plaintiff is entitled to both actual and statutory damages. Plaintiff has incurred actual damages in the form (1) legal fees and costs to prepare the payoff request and subsequent notice of error for Defendant's failure to timely provide a payoff statement, including the Payoff Response NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for payoff figures and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation Z and TILA. Plaintiff is additionally entitled to statutory damages in the amount of $4,000 as a result of Defendant's violation in connection with a "credit transaction not under an open end credit plan that is secured by real property or dwelling…." 15 U.S.C. § 1640(a)(1)-(2).

**Count III – Failure to Acknowledge Payoff Acknowledgment NOE**
**Violation of Regulation X, Section 12 C.F.R. § 1024.35(d)**

32.     Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

33.     Regulation X requires that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving a notice of error from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the notice of error. 12 C.F.R. § 1024.35(d).

34.     On September 25, 2017, Plaintiff sent to Defendant the Payoff Acknowledgement NOE. See Exhibit "B".

35.     Defendant failed to timely acknowledge the Payoff Acknowledgment NOE and is therefore in violation of § 1024.35(d).

36.      Due to Defendant's failure to timely acknowledge the Payoff Acknowledgement NOE, Plaintiff prepared and mailed to the Defendant the Second Payoff Acknowledgement NOE. See Exhibit "E".

37.     As a result, Defendant incurred actual damages in the form of (1) legal fees and costs incurred in preparing and mailing the Second Payoff Acknowledgment NOE; (2) costs incurred in connection with the photocopying and mailing of the notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

38. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

### Count IV – Failure to Respond to Payoff Response NOE
### Violation of Regulation X, Section 12 C.F.R. § 1024.35(e)(3)(b)

39. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

40. Section 1024.35(e) provides that a servicer must respond to a notice of error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction …" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred…." 12 C.F.R. § 1024.35(e)(1)(B).

41. The section requires that the servicer respond to a notice asserting errors under paragraphs (b)(6) of section 1024.35 "[n]ot later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section." 12 C.F.R. § 1024.35(e)(3)(i)(A).

42. On September 25, 2017, Plaintiff sent to the Defendant the Payoff Response NOE, which was a notice of error under paragraph (b)(6) of 12 C.F.R. § 1024.35(b) for the Defendant's failure to respond to the Plaintiff's Payoff RFI. See Exhibit "C".

43. Plaintiff has failed to either timely correct the error or provide a response stating that it determined that no error occurred and therefore the Defendant is in violation of Regulation X. 12 C.F.R. § 1024.35(e).

44. Due to Defendant's violation, Plaintiff prepared and submitted the Second Payoff Response NOE. See Exhibit "D".

45. As a result, Defendant incurred actual damages in the form of (1) costs to prepare each notice of error including the Second Payoff Response NOE; (2) costs incurred in connection with the photocopying and mailing of the notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

46. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count V – Failure to Respond to Payoff RFI**
**Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

47. Plaintiff incorporates the allegations in paragraphs 1-18 above into this count for damages.

48. Regulation X section 1024.36(d)(1) provides that a "servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. § 1024.36(d)(1).

49. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

50. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

"(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

51. Plaintiff sent to Defendant the Payoff RFI a Request for Information on August 24, 2017 requesting certain documentation and information pertaining to the Mortgage. See Exhibit "A".

52. Defendant failed to properly, timely, and adequately respond to Plaintiff's Payoff RFI and is therefore in violation of 12 C.F.R. § 1024.36(d).

53. As a result of Defendant's violation, Plaintiff incurred damages when it was forced to send the Complete Payoff RFI Response NOE. See Exhibit "F"

54. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the Complete Payoff RFI Response NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those

alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

55. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

## Prayer for Relief

Wherefore, Plaintiff demands final judgment against Defendant providing for all of the following:

a. awarding actual damages that have been and may be proximately caused by Defendant's violation of the RESPA, Regulation X, the TILA, Regulation Z;

b. statutory damages under RESPA for Defendant's pattern and practice of non-compliance and under TILA for the Defendant's violation in connection with a credit transaction secured by the Plaintiff's dwelling;

c. prevailing party attorneys' fees and costs under 12 U.S.C. § 2605(f) and 15 U.S.C. § 1640(a);

d. awarding any further relief available under the law.

## Jury Demand

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

_____
November 7, 2017
Miami, FL

                                Respectfully submitted,

                                Ruzy Behnejad
                                Florida Bar No. 111894

                                                    ruzy@behnejadlaw.com
                                                    Behnejad Law PLLC
                                                    8724 Sunset Drive #261
                                                    Miami, FL 33173
                                                    Tel: 786.554.3999
                                                    Attorney for Plaintiff

                                                    */s/ Ruzy Behnejad*
                                                    Ruzy Behnejad
                                                    Florida Bar No. 111894